## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND

**Civil Action No. 06-cv-4-HRW**

**ROY HALL,**                                                             **PLAINTIFF,**

v.                    **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**                    **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability, disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for a period of disability, disability insurance benefits and supplemental security income benefits on December 17, 2003, alleging disability beginning on May 15, 2002, due to swollen elbow, left hip pain, arthritis in left hand and useless left index finger (Tr. 45-38). This

application was denied initially and on reconsideration.

On July 21, 2005, an administrative hearing was conducted by

Administrative Law Judge James D. Kemper (hereinafter "ALJ"), wherein

Plaintiff, accompanied by counsel, testified (Tr. 129-158). At the hearing, Harry

Tanzey, a vocational expert (hereinafter "VE"), also appeared.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On October 27, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-19).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 14).

The ALJ then determined, at Step 2, that Plaintiff suffered from status post crush injury to right hand, which he found to be "severe" within the meaning of the Regulations (Tr. 14).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 16).

The ALJ further found that Plaintiff could not return to his past relevant work as a lube technician or carpenter(Tr. 18) but determined that he had the residual functional capacity ("RFC") to perform the full range of medium work (Tr. 19). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies (Tr. 19). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on December 20, 2005 (Tr. 3-5).

3

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 4 and 5] and this matter is ripe for decision.

## III. ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

4

(6th Cir.1997).

### B.    Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous

because: (1) the ALJ did not take into consideration the full extent of his

impairments;  (2) the ALJ improperly discounted the opinion of his treating

physician, Dr. Jason Rice and (3) the RFC is not supported by substantial

evidence.

### C.    Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not take into consideration

the full extent of his impairments, specifically, COPD, chest pain, high blood

pressure, carpal tunnel syndrome, left hip pain, right elbow pain and back pain.

In lieu of actual argument,  Plaintiff merely states "treating physician's notes

contain testing which demonstrates the Plaintiff's impairments in these areas" and

"[t]he standard for determining whether an impairment is severe is de minimus."

 This is wholly insufficient.  "'Issues adverted to in a perfunctory manner,

unaccompanied by some effort at developed argumentation, are deemed waived.'"

*McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997), quoting ----. Further,

"[i]t is not sufficient for a party to mention a possible argument in the most

skeletal way, leaving the court to ... put flesh on its bones.'" *Id.*

Moreover, contrary to Plaintiff's bald assertion, the decision clearly shows that the ALJ discussed the above-referenced "impairments" in detail (Tr. 15) and found them to be non-severe.   The Court is mindful that it is the burden of the claimant to prove the severity of his impairments. *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988), *citing, Murphy v. Secretary of Health and Human Services,* 801 F.2d 182, 185 (6th Cir. 1986).   Although the Step 2 severity regulation, codified at 20 C.F.R.  §§ 404.1520©) and 404.1521, has been construed as a *de minimus* hurdle,  the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone. *Id.* at 863.   The pertinent inquiry is whether an impairment is *disabling*, not merely whether an impairment exists.   Here, Plaintff has failed to carry his burden in this regard.

Plaintiff's second claim of error is that the ALJ improperly discounted the opinion of his treating physician, Dr. Jason Rice.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a  claimant's  impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).   The Court is mindful of the fact that the Commissioner is not

6

bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

In this case, the ALJ found Dr. Rice's assessment of severe restriction (Tr. 124-126) to be inconsistent with the other medical evidence of record. For example, Dr. Bobby Kidd, a consultative examiner, examined Plaintff in March 2004 and reported essential normal findings and did not identify and functional, work-related limitation (Tr. 93-97). Dr. Kidd found no evidence of muscle weakness, atrophy or paravertebral muscle spasm (Tr. 96). He reported normal rotation of the cervical spine, ability to bend forward, normal straight leg testing in both sitting and supine positions, normal range of motion and flexion (Tr. 95-96). These findings are contrary to Dr, Rice's opinion that Plaintiff could only stand, walk or sit for two hours (Tr. 125).

Nor do Dr. Kidd's findings support Dr. Rice's suggestion that Plaintiff never climb, balance, stoop, crouch, kneel or crawl (Tr. 125). Dr. Kidd's examination of Plaintiff's knees revealed no tenderness, redness, warmth, swelling, fluid, laxity or crepitus (Tr. 96). Dr. Kidd noted normal extension and flexion on both knees (Tr. 96) and found Plaintiff's feet and ankles to be without redness, warmth, swelling or laxity (Tr. 96).

7

Based upon a review of the record, as the ALJ noted, Dr. Rice's opinion appears to be at odds with the other medical evidence of record. As such, the Court finds that the ALJ did not err in discounting the assessment of Dr. Rice.

As for Plaintiff's emphasis on Dr. Rice's opinion that Plaintiff "is not able to undertake any gainful employment" (Tr. 116), the ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than his past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Finally, Plaintiff contends that the RFC is not supported by substantial evidence. Yet, Plaintiff does not point to evidence which would establish that he is unable to do medium level work. Other than the assessment of Dr. Rice, which, as discussed above, was properly rejected by the ALJ, there is no other credible evidence in the record which indicates that Plaintiff cannot perform medium level work. Having reviewed the record, the Court finds that the ALJ's RFC is supported by substantial evidence.

8

## III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This __25__ day of July, 2006.

_____
Henry R. Wilhoit, Jr., Senior Judge

9